IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. BANK EQUIPMENT FINANCE, a division of U.S. BANK NATIONAL ASSOCIATION, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) ) | Claim amount: $169,301.11, plus prejudgment interest at a rate of one and one- |
| BEK EXPRESS, INC., and BRONIUS BEKSTAS, | ) ) ) | half percent (1.5%) per month and attorneys' fees and costs |
| Defendants. | ) ) | |

**VERIFIED COMPLAINT**

NOW COMES Plaintiff U.S. BANK EQUIPMENT FINANCE, a division of U.S. BANK NATIONAL ASSOCIATION ("U.S. Bank"), by and through its counsel, and for its Verified Complaint against Defendants BEK EXPRESS, INC. ("BEK") and BRONIUS BEKSTAS ("Bekstas") (collectively, the "Defendants"), states as follows:

**PARTIES**

1. U.S. Bank is a national bank organized under the laws of the United States, with its principal place of business in Minneapolis, Minnesota. U.S. Bank maintains its charter in the State of Ohio, and its main office is located in Cincinnati, Ohio.

2. BEK is an Illinois corporation with its principal place of business located at 906 Lacey Ave., Lisle, IL 60532.

3. Bekstas is a citizen of the State of Illinois who maintains his domicile at 10831 Major Ave., Chicago Ridge, IL 60415.

1

**JURISDICTION AND VENUE**

4. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Court, because BEK maintains its principal place of business in and Bekstas resides in this district. See 28 U.S.C. § 1391(b)(1) (West 2021). Venue is further proper in this Court, because a substantial part of the events or omissions giving rise to the claim occurred in this district. See 28 U.S.C. § 1391(b)(2) (West 2021).

**BACKGROUND**

6. On or about May 30, 2018, nonparty BMO Harris Bank N.A. ("BMO Harris"), as Lender, and BEK, as Debtor, entered into a Loan and Security Agreement (the "Agreement") for the financing of one (1) 2019 Utility Refrigerated Van S/N 1UYVS2530K6527603; one (1) 2019 Thermo King C-600 S/N 6001261379; one (1) 2019 Utility Refrigerated Van S/N 1UYVS2532K6527604; one (1) 2019 Thermo King C-600 S/N 6001261380; one (1) 2019 Utility Refrigerated Van S/N 1UYVS2534K6527605; and one (1) Thermo King C-600 S/N 6001261385 (the "Equipment"). A true and correct copy of the Agreement is attached hereto as Exhibit 1.

7. To induce BMO Harris to enter into the Agreement with BEK, Bekstas executed a Continuing Guaranty (the "Guaranty") in which Bekstas guaranteed the full and prompt payment and performance of all of BEK's obligations under the Agreement. A true and correct copy of the Guaranty is attached hereto as Exhibit 2.

8. BMO Harris has a first-priority security interest in the Equipment as evidenced by BMO Harris' designation as the first lienholder on the Equipment's Certificates of Title. True and correct copies of the Equipment's Certificates of Title is attached hereto as Group Exhibit 3.

Further, BEK expressly granted BMO Harris a first-priority security interest in the Equipment in the Agreement. See Exhibit 1, ¶ 2.1.

9. On or about September 23, 2020, BMO Harris assigned all of its right, title, and interest in the Agreement, Guaranty, and Equipment to U.S. Bank. A true and correct copy of the Assignment is attached hereto as Exhibit 4.

10. Pursuant to the Agreement, BEK agreed to make sixty (60) consecutive monthly payments of $4,334.20. See Exhibit 1.

11. BEK failed to make the payment due on September 1, 2020, and all payments due thereafter.

12. Bekstas has failed to make payments under the Guaranty.

13. The failure to make payments when due constitutes an event of default pursuant to the Agreement. See Exhibit 1, ¶ 5.1.

14. In the event of a default, U.S. Bank is entitled to payment of the unpaid balance, including any future due payments, in the amount of $168,867.69. See Exhibit 1, ¶ 5.2.

15. Pursuant to the Agreement, U.S. Bank is also entitled to late charges in the amount of $433.42. See Exhibit 1.

16. Pursuant to the Agreement, U.S. Bank is also entitled to prejudgment interest at a rate of one and one-half percent (1.5%) per month as well as attorney's fees and costs. See Exhibit 1, ¶¶ 5.2, 5.3.

17. Pursuant to the Agreement, U.S. Bank is also entitled to return of the Equipment. See Exhibit 1, ¶ 5.2.

18. U.S. Bank demanded payment from the Defendants pursuant to the Agreement and Guaranty, but the Defendants have failed or refused to make payment.

19. U.S. Bank fully performed its obligations under the terms of the Agreement and Guaranty.

### COUNT I – BREACH OF CONTRACT
### AGAINST BEK EXPRESS, INC.

20. U.S. Bank re-alleges and re-asserts Paragraphs 1 through 19 of its Verified Complaint as though fully set forth herein.

21. BEK defaulted under the Agreement by failing or refusing to make payments when due.

22. Due to BEK's default under the Agreement, U.S. Bank has suffered actual damages in the amount of $169,301.11, plus prejudgment interest at a rate of one and one-half percent (1.5%) per month and attorneys' fees and costs.

WHEREFORE, Plaintiff U.S. BANK EQUIPMENT FINANCE, a division of U.S. BANK NATIONAL ASSOCIATION, respectfully requests that this Court enter judgment in its favor and against Defendant BEK EXPRESS, INC., in the amount of $169,301.11, plus prejudgment interest at a rate of one and one-half percent (1.5%) per month, attorneys' fees and costs, and such other and further relief as this Court deems just.

### COUNT II – BREACH OF GUARANTY
### AGAINST BRONIUS BEKSTAS

23. U.S. Bank re-alleges and re-asserts Paragraphs 1 through 22 of its Verified Complaint as though fully set forth herein.

24. Bekstas defaulted under the Guaranty by failing and refusing to make payments when due.

25. Due to Bekstas' default under the Guaranty, U.S. Bank has suffered actual damages in the amount of $169,301.11, plus prejudgment interest at a rate of one and one-half percent (1.5%) per month and attorneys' fees and costs.

WHEREFORE, Plaintiff U.S. BANK EQUIPMENT FINANCE, a division of U.S. BANK NATIONAL ASSOCIATION, respectfully requests that this Court enter judgment in its favor and against Defendant BRONIUS BEKSTAS in the amount of $169,301.11, plus prejudgment interest at a rate of one and one-half percent (1.5%) per month, attorneys' fees and costs, and such other and further relief as this Court deems just.

### COUNT III – REPLEVIN
### AGAINST BEK EXPRESS, INC.

26. U.S. Bank re-alleges and re-asserts Paragraphs 1 through 25 of its Verified Complaint as though fully set forth herein.

27. Pursuant to the Agreement, U.S. Bank is entitled to possession of one (1) 2019 Utility Refrigerated Van S/N 1UYVS2530K6527603; one (1) 2019 Thermo King C-600 S/N 6001261379; one (1) 2019 Utility Refrigerated Van S/N 1UYVS2532K6527604; one (1) 2019 Thermo King C-600 S/N 6001261380; one (1) 2019 Utility Refrigerated Van S/N 1UYVS2534K6527605; and one (1) Thermo King C-600 S/N 6001261385. See Exhibit 1, ¶ 5.2.

28. Due to BEK's default under the Agreement, U.S. Bank is entitled to return of the Equipment. See Exhibit 1, ¶ 5.2.

29. U.S. Bank has been unable to secure the Equipment by peaceful means.

30. BEK is wrongfully and unlawfully detaining the Equipment.

31. U.S. Bank has made demand upon BEK for the return of the Equipment, but BEK has failed and refused to return same.

32. The Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of the State of Illinois, against property of U.S. Bank, nor seized under any lawful process against the goods and chattels of U.S. Bank subject to such lawful process, nor held by virtue of any order for replevin, execution, or attachment against U.S. Bank.

33. Upon information and belief, the Equipment is located at 906 Lacey Ave., Lisle, IL 60532.

34. The Equipment is valued at $138,000.00, depending on its condition.

WHEREFORE, Plaintiff U.S. BANK EQUIPMENT FINANCE, a division of U.S. BANK NATIONAL ASSOCIATION, respectfully requests that this Court enter an Order directing the U.S. Marshal or other lawful authority to use all necessary force to repossess: one (1) 2019 Utility Refrigerated Van S/N 1UYVS2530K6527603; one (1) 2019 Thermo King C-600 S/N 6001261379; one (1) 2019 Utility Refrigerated Van S/N 1UYVS2532K6527604; one (1) 2019 Thermo King C-600 S/N 6001261380; one (1) 2019 Utility Refrigerated Van S/N 1UYVS2534K6527605; and one (1) Thermo King C-600 S/N 6001261385, and/or any portion thereof, from 906 Lacey Ave., Lisle, IL 60532, or wherever it may be found, and enter a judgment against BEK EXPRESS, INC., for the value of any of the Equipment not so returned, plus attorneys' fees and costs, and such other and further relief as this Court deems just.

### COUNT IV – DETINUE
### AGAINST BEK EXPRESS, INC. AND BRONIUS BEKSTAS

35. U.S. Bank re-alleges and re-asserts Paragraphs 1 through 34 of its Verified Complaint as though fully set forth herein.

36. Upon information and belief, Bekstas is the owner of BEK and controls the day-to-day operations of BEK. Upon information and belief, Beskstas is the corporate officer who decides whether BEK will surrender the Equipment to U.S. Bank.

37. U.S. Bank is entitled to possession of the Equipment due to the payment default under the Agreement.

38. BEK is wrongfully retaining possession of the Equipment, because BEK has defaulted under the terms of the Agreement by failing to make timely payments when due, and BEK has failed to surrender the Equipment despite demand.

39. The Equipment is in BEK's possession and in BEK's and Bekstas' control.

40. U.S. Bank is entitled to an order directing BEK and Bekstas to surrender the Equipment to U.S. Bank by delivering the Equipment to U.S. Bank at a date and time specified by U.S. Bank and/or the Court.

WHEREFORE, Plaintiff U.S. BANK EQUIPMENT FINANCE, a division of U.S. BANK NATIONAL ASSOCIATION, respectfully requests that this Court enter an Order compelling BEK EXPRESS, INC. and BRONIUS BEKSTAS to surrender: one (1) 2019 Utility Refrigerated Van S/N 1UYVS2530K6527603; one (1) 2019 Thermo King C-600 S/N 6001261379; one (1) 2019 Utility Refrigerated Van S/N 1UYVS2532K6527604; one (1) 2019 Thermo King C-600 S/N 6001261380; one (1) 2019 Utility Refrigerated Van S/N 1UYVS2534K6527605; and one (1) Thermo King C-600 S/N 6001261385 to U.S. Bank at a place and time directed by U.S. Bank within fourteen (14) days of this Court's entry of a turnover order and/or judgment, and such other and further relief as this Court deems just.

          U.S. BANK EQUIPMENT FINANCE, a division of
          U.S. BANK NATIONAL ASSOCIATION,


By:   /s/ D. Alexander Darcy
       D. Alexander Darcy (ARDC# 06220515)
       Dylan Miller (ARDC# 6333072)
       Askounis & Darcy, PC
       444 North Michigan Avenue, Suite 3270
       Chicago, Illinois 60611
       (312) 784-2400 (t)
       (312) 784-2410 (f)
       adarcy@askounisdarcy.com
       dmiller@askounisdarcy.com

## **VERIFICATION**

  I declare and verify under penalty of perjury that the foregoing is true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Executed on May _24th_, 2021

*Shawna Thooft* (signature)

_____
Shawna Thooft
Loss Mitigation Specialist
U.S. Bank National Association
d/b/a U.S. Bank Equipment Finance